# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KATHRYN HARRIS,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITAL DISTRIBUTING, LLC,<br><br>    Defendant. | Case No. CIV-19-1054-G<br><br>(Formerly Oklahoma County Case No. CJ-2019-5676) |

## NOTICE OF REMOVAL

Defendant Capital Distributing, LLC, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, removes this action from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma, based on the following:

**I.   Capital Distributing, LLC has satisfied the procedural requirements for removal.**

1. Plaintiff Kathryn Harris sued Capital Distributing, LLC in the District Court of Oklahoma County, State of Oklahoma, pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161, *et. seq.*, which is part of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq. See* Ex. 1, Petition at ¶ 3.

2. Plaintiff alleges she was covered under a group health plan provided by virtue of her employment with Defendant, and that Capital Distributing LLC committed a violation of COBRA Ex. 1, Petition at ¶¶ 3, 6.

1

*3.*     Capital Distributing, LLC was served with the Petition and Summons on October 19, 2019. *See* Ex. 2, Service of Process Transmittal and Envelope transmitting Petition and Summons to Capital Distributing, LLC. Because this Notice of Removal was filed within 30 days after service of the Petition and Summons upon Capital Distributing, LLC, it is timely under 28 U.S.C. § 1446(b).

4.     This district embraces the county in which the state court action was filed, and this Court is therefore a proper venue for this action pursuant to 28 U.S.C. § 116(c). *See also* 28 U.S.C. §§ 1441(a), 1391(b).

5.     Capital Distributing, LLC will serve this Notice of Removal on Plaintiff through her counsel and file a copy with the Clerk of the District Court of Oklahoma County. *See* 28 U.S.C. § 1446(d).

## II.   Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

6.     This Court has original jurisdiction over this action under the federal question provision contained in 28 U.S.C. § 1331.

7.     It is clear based on the face of the Petition that at least one of Plaintiff's claims against Capital Distributing, LLC is based upon and governed by ERISA, specifically, COBRA. *See* Ex. 1, Petition at ¶¶ 3, 11-13 ("Plaintiff's causes of action are for Defendant's violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA")").

8.     Additionally, the Plan documents also show the employee welfare benefit plans at issue in this action are governed by ERISA. *See* Ex. 3, Summary Plan

Description for Capital Distributing LLC PPO, p. 5 ("Capital Distributing LLC (the Employer) has established an Employee Welfare Benefit Plan within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA)"; p. 68 ("ERISA General Information"); p. 69 ("As a plan participant you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA)."). Capital Distributing LLC is the administrator of the Plan. *Id.* at 64.

9. Plaintiff alleges that she was provided coverage under her ERISA employer-provided health plan and that she obtained medical treatment which should have been covered by the plan but was not. *See* Ex. 1, Petition ¶¶ 6-7, 10, 14. In other words, she seeks to recover benefits allegedly due under an ERISA plan. Section 502 of ERISA provides that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As a civil action by a participant to recover benefits due under an ERISA plan, Plaintiff's suit is governed by 29 U.S.C. § 1132(a)(1)(B), which provides an *exclusive* federal cause of action for resolution of such disputes. Therefore, this case is removable under 28 U.S.C. § 1441(b), *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987), and the doctrine of complete preemption.

10. While Plaintiff has artfully pled her claims as state law breach of contract, promissory estoppel, and fraud claims, the contract at issue is the ERISA plan. Under ERISA, a claim is completely preempted if "an individual at some point in time could have brought his claim under ERISA Section 502(a)(1)(B) [29 U.S.C. § 1132(a)(1)(B)]

and where there is no other independent legal duty that is implicated by a defendant's action." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004). Plaintiff's petition implicates no independent legal duties allegedly breached by Capital Distributing LLC other than those allegedly owed to her by virtue of her status as a participant in an ERISA plan. Capital Distributing LLC has no independent legal duty to provide Plaintiff with health insurance benefits or provide her with notification of her health insurance continuation rights. Each of Plaintiff's claims hinges on the fact that she is an ERISA plan beneficiary. Plaintiff's entire, short Petition derives from the same basic allegation that Capital Distributing LLC breached the provisions of the Capital Distributing Inc. PPO health care plan by improperly canceling her insurance without providing notification of doing so.

11. Plaintiff's Petition, although brief and vague, also seems to state that Capital Distributing, LLC breached its ERISA-imposed fiduciary duties by accepting payment from her premiums and then canceling her insurance, which Plaintiff characterizes as a common law claim for fraud. *See* Ex. 1, ¶¶ 3, 9, 16-17. Capital Distributing LLC's alleged fiduciary duties are governed by 29 U.S.C. § 1104, and its alleged liabilities for alleged breach of those duties are governed by 29 U.S.C. § 1109. As such, Plaintiff's claims against Capital Distributing LLC for alleged breach of fiduciary duty are governed exclusively by 29 U.S.C. § 1132(a)(2). The state court lacks subject matter jurisdiction over that claim because exclusive federal jurisdiction exists under 29 U.S.C. § 1132(e)(1).

*12.* A state law cause of action that duplicates, supplements, or supplants ERISA's civil enforcement remedy is removable under the doctrine of complete preemption regardless of the allegations in Plaintiff's state court pleadings. *Davila*, 542 U.S. at 209; *Taylor*, 481 U.S. at 62–63. *See also Speer v. Prudential Ins. Co. of Am.*, 645 F. App'x 821, 824 (10th Cir. 2016).

13. In contrast to ordinary preemption, which does not permit removal, complete preemption involves a claim which is "necessarily federal" and therefore removable to federal court. *Taylor*, 481 U.S. at 63–64.

14. Plaintiffs cannot avoid ERISA through "artful pleading." *See, e.g., Schmeling v. Nordam*, 97 F.3d 1336, 1339–43 (10th Cir. 1996). A plaintiff need not invoke or make specific reference to an employee benefit plan covered by ERISA for the claim to be preempted. "[D]istinguishing between preempted and non-preempted claims based on the particular label affixed to them would elevate form over substance and allow parties to evade the preemptive scope of ERISA . . . ." *Davila*, 542 U.S at 210. In addition, a plaintiff's claims for relief beyond ERISA's remedies will not preclude removal on the grounds of ERISA preemption. *Id.* at 214–15.

15. Because this action is completely preempted under ERISA, this is an action arising under federal law. Therefore this action is removable pursuant to 28 U.S.C. §§ 1331 and 1441, under this Court's federal question jurisdiction.

16. Moreover, even if this Court found that any of Plaintiff's state law claims for promissory estoppel, breach of contract, and fraud were not completely preempted, this Court would still have jurisdiction over those claims under the doctrine of

5

supplemental jurisdiction. 28 U.S.C. § 1367(a). These claims arise out of the same transaction or occurrence as Plaintiff's federal COBRA claim.

17. Copies of all documents filed or serviced in this case are attached to this Notice of Removal as Exhibits 1 (Petition), 2 (Service of Process Transmittal and Envelope transmitting Petition and Summons to Capital Distributing, LLC), 3 (Summary Plan Description for Capital Distributing LLC PPO), 4 (Entry of Appearance by Plaintiff's counsel Addison), 5 (Entry of Appearance by Defendant's counsel Bowersox), 6 (Defendant's Reservation of Time), 7 (Entry of Appearance by Defendant's counsel Puckett), and a state court docket sheet is attached as Exhibit 8, in accordance with 28 U.S.C. § 1446(b) and LCvR 81.2. There are no motions pending in the District Court of Oklahoma County.

18. Capital Distributing, LLC reserves all defenses, including, without limitation, those set forth in FED. R. CIV. P. 12(b), and will further respond to Plaintiff's Petition in the time frames permitted under FED. R. CIV. P. 81(c).

Accordingly, Capital Distributing, LLC respectfully removes this action from the District Court of Oklahoma County to the United States District Court for the Western District of Oklahoma.

Respectfully submitted this 15th day of November, 2018.

*/s/ Elizabeth Bowersox*
Tony G. Puckett, OBA # 13336
Elizabeth Bowersox, OBA # 30494
McAfee & Taft A Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102
Tel:   (405) 235-9621
Fax:   (405) 235-0439
tony.puckett@mcafeetaft.com
elizabeth.bowersox@mcafeetaft.com

**ATTORNEY FOR DEFENDANT
CAPITAL DISTRIBUTING, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of November, 2019, a true and correct copy of the foregoing document was delivered via first-class U.S. Postal Mail and/or electronic mail to the following recipients:

D. Colby Addison
Leah M. Roper
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
colby@lhllaw.com
leah@lhllaw.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Elizabeth Bowersox*
Elizabeth Bowersox